**Kevin BECKER, Plaintiff–Appellant,**

**v.**

**BUFFALO PUBLIC SCHOOLS, Defendant–Appellee.***

**No. 15-3110-cv**

United States Court of Appeals, Second Circuit.

September 28, 2016

FOR PLAINTIFF–APPELLANT: HARVEY P. SANDERS, Sanders & Sanders, Cheektowaga, NY.

FOR DEFENDANT–APPELLEE: DAVID M. LEE, Assistant Corporation Counsel, for Timothy A. Ball, Corporation Counsel, Buffalo, NY.

PRESENT: PIERRE N. LEVAL, RAYMOND J. LOHIER, JR., Circuit Judges, EDWARD R. KORMAN, District Judge.**

### SUMMARY ORDER

Plaintiff-appellant Kevin Becker appeals from a judgment of the District Court (Arcara, J.) granting in part a motion for judgment as a matter of law filed by defendant-appellee Buffalo Public Schools (the "District") pursuant to Rule 50(a) of the Federal Rules of Civil Procedure. Specifically, Becker challenges the dismissal of his retaliation claim under the Age Discrimination in Employment Act, 29 U.S.C. § 621 et seq. We assume the parties' familiarity with the facts and record of the prior proceedings, to which we refer only as necessary to explain our decision to affirm.

Becker concedes and the record confirms that the District "initially decided not to hire [him] in April 2006." Appellant's Br. 16. At trial, Becker introduced an interview report dated April 4, 2006 that designated him as a "no hire" before he filed a charge with the Equal Employment Opportunity Commission on April 17, 2006, the earliest filed charge in this case. But Becker claims that the trial evidence demonstrated "that a teacher could be hired at any time before, or even during, the school year." Pointing to evidence that other teachers were laid off on September 3, 2006, and then re-hired on September 4, 2006, he argues that a reasonable jury therefore could find that the District's decision to not hire him to a full-time position was not final as of April 2006. Appellant's Br. 16.

We disagree. No reasonable jury could conclude from this evidence, which pertains to teachers who were already hired in 2004, that the District waited until the beginning of the 2006 school year to finalize Becker's no-hire decision. Becker points to no evidence suggesting that the District reconsidered "no hire" (as opposed to layoff) decisions with respect to full-time openings, or that it could have reconsidered the decision in his case. As the decision not to hire Becker to a full-time position occurred before he engaged in any protected activity, he cannot sustain the claim that the decision was motivated by his protected activity. We therefore agree with the District Court that Becker failed to establish that his protected activity either motivated or otherwise caused the District's decision.

---

* The Clerk of Court is directed to amend the case caption as set forth above.

** The Honorable Edward R. Korman, United States District Court for the Eastern District of New York, sitting by designation.

Becker also argues that the District Court's mid-trial grant of the District's Rule 50(a) motion violated the law of the case. There is no merit to his argument. The law-of-the-case doctrine, which is a "discretionary rule of practice and generally does not limit a court's power to reconsider an issue," In re PCH Assocs., 949 F.2d 585, 592 (2d Cir. 1991), does not change our analysis.

We have considered all of Becker's remaining arguments and conclude that they are without merit. For the foregoing reasons, the judgment of the District Court is **AFFIRMED**.